E-FILED
Monday, 08 December, 2025  03:43:25 PM
Clerk, U.S. District Court, ILCD

IN THE
**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| CHARLES FLYNN,<br>        Plaintiff, | |
| v. | Case No. 3:25-cv-03218-JEH |
| ILLINOIS DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br>        Defendants. | |

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Lawrence Correctional Center, filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Taylorville Correctional Center ("Taylorville") and Jacksonville Correctional Center ("Jacksonville"). (Doc. 10).

### I

This case is before the Court for a merit review of Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A. The Court must "screen" Plaintiff's Second Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II

Plaintiff files suit against Jeremy Bonnett, Ryan Nothnagle, Steven Campbell, Rich Stempinski, Correctional Counselors Yates and Lanthrop, Kristine Hunt, Debbie Ross, Correctional Officer Stelbrink, Jonathan Van Durme, Latoya Hughes, and unknown control officers, walk officers, mailroom processor employees, and shift supervisors.

Plaintiff alleges Defendant Kristine Hunt, a notary public at Taylorville, notarized three motions for reduction or revocation of fines for Plaintiff to file in his criminal cases in Menard, Mason, and Sangamon counties on May 10, 2024. Plaintiff alleges he paid for the postage to mail the motions from his prison trust fund and placed the envelopes in the outgoing institutional mail receptacle at house six control. Plaintiff states the Menard County Circuit Clerk received his motion, but the Circuit Clerks in Mason and Sangamon counties did not.

On August 23, 2024, Plaintiff asked Defendant Hunt to notarize a motion for reduction or revocation of fines to re-send to the Mason and Sangamon County Circuit Clerks. Plaintiff alleges he addressed the envelopes, used standard postage, and placed them in the institutional outgoing mail receptacle at house six control, but once again, the Circuit Clerks did not receive his motions.

On August 23, 2024, Plaintiff also obtained an application for waiver of court fees from Defendant Hunt. He filed the application with the Menard County Circuit Clerk on September 6, 2024. On September 17, 2024, Menard County Circuit Judge Michael Atterberry denied Plaintiff's motion for reduction or revocation of fines. Plaintiff alleges his motion was denied because Defendant Hunt neglected to give him an order for waiver of court fees to include with his application.

On an unspecified date, Plaintiff was transferred to Jacksonville Correctional Center. On September 23, 2024, Plaintiff went to the law library at Jacksonville and obtained an order for waiver of court fees from the librarian, Defendant Debbie Ross. Plaintiff alleges he asked Defendant Ross to make copies of a motion for reconsideration to send to the Menard County Circuit Clerk. Plaintiff alleges Defendant Ross insisted that he did not need to include a copy of the order would his motion for reconsideration and initially refused to give him a copy. Plaintiff alleges he left the law library and found Defendant Correctional Officer Stelbrink, who escorted Plaintiff back to the library so Defendant Ross could notarize his motion. Plaintiff alleges he placed his motion for reconsideration in the institutional outgoing mail receptacle on September 23, 2024, but the Menard County Circuit Clerk never received it.

Plaintiff filed a grievance (K12-1124-2654) on November 13, 2024. Defendant Correctional Counselor Lanthrop allegedly informed Plaintiff the grievance was "outside jurisdiction and should be sent to A.R.B." (Doc. 10 at p. 5). Defendant Correctional Counselor Yates allegedly denied any remedy. Defendant Chief Administrative Officer ("CAO") Campbell and Defendant IDOC Director Hughes concurred. Defendant Administrative Review Board ("ARB") member Nothnagle denied the grievance stating: "There was nothing in grievant[']s trust fund that indicates money was taken out for postage. Per mailroom grievant did not submit Doc 0296 form proving grievant paid for postage." *Id.* at pp. 5-6.

Plaintiff also alleges he filed an emergency grievance (K17-0924-0398) regarding the incident in the law library involving Defendant Ross. Defendant CAO Rich Stempinski agreed that Plaintiff's grievance was emergent and expedited his grievance. Defendant Grievance Officer Jonathan Van Durme denied his grievance, and Defendant Stempinski concurred. Defendant ARB member Jeremy Bonnett denied the grievance, and Defendant Hughes concurred.

Regarding the unidentified Defendants, Plaintiff states that when the shift officers arrive for their 11:00 p.m. to 7:00 a.m. shift at Taylorville and Jacksonville, they open the institutional outgoing mail receptable, remove the mail, and bag it for pick up. Unidentified walk officers pick up the mail for delivery to the mailroom to be processed by the mailroom employees. Plaintiff alleges that the shift supervisors are in charge of overseeing all officer duties and activities and ensuring that all institutional policies and procedures are followed.

### III

Plaintiff alleges his First Amendment right of access to the courts was violated because mail he sent to the Mason and Sangamon County Circuit Clerks was stolen. "The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail. Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts." *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)) (internal citations omitted). Plaintiff names unknown walk officers, mailroom processor employees, and shift supervisors as Defendants and describes how mail is processed at Taylorville and Jacksonville, but it is unclear who Plaintiff believes is responsible for stealing the mail he sent to Mason and Sangamon counties. Plaintiff fails to state a First Amendment claim.

Plaintiff's allegations are insufficient to state a claim against Defendants Hunt and Ross. Plaintiff alleges Defendant Hunt gave him an application for waiver of court fees but neglected to give him an order to include with his application. As a result, his motion for reduction or revocation of fines was denied. Neglecting to give Plaintiff a copy of an order is not a constitutional violation. Plaintiff also fails to state a cognizable claim against Defendant Ross, who initially refused to give him a copy of the order for waiver of court fees.

4

Plaintiff alleges Defendants Correctional Counselors Lanthrop and Yates, Grievance Officer Van Durme, CAOs Campbell and Stempinski, IDOC Director Hughes, and ARB members Nothnagle and Bonnett are liable for denying or concurring with the denial of his grievances. To the extent Plaintiff is alleging that Defendants mishandled his grievances, he fails to state a claim. The denial or mishandling of a grievance is not enough to establish a constitutional violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[A] high-level official typically cannot be roped into a constitutional claim merely by denying a grievance concerning a 'completed act of misconduct.'" *Smith v. Engelage*, 2020 WL 5369886, at *4 (S.D. Ill. Sept. 8, 2020) (quoting *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007)); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("reject[ing] the notion that 'everyone who knows about a prisoner's problems will incur § 1983 liability.") (quoting *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009)).

Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. Any further amendment would be futile because Plaintiff has had multiple opportunities to state an actionable claim and failed to do so.

**IT IS THEREFORE ORDERED:**

**1)** **Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds any further amendment would be futile. The Clerk is directed to close this case and enter judgment.**

**2)** **This dismissal may count as one of Plaintiff's three allotted strikes pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.**

**3)** **Although this case has been dismissed, Plaintiff remains responsible for paying the remainder of the $350 filing fee. (See d/e 7/24/2025).**

4)       **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal** *in forma pauperis* **MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith.** *See* **Fed. R. App. P. 24(a)(1)(c);** *see also Celske v. Edwards*, **164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith");** *Walker v. O'Brien*, **216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: December 8, 2025

s/Jonathan E. Hawley
U.S. District Judge

6